**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FABIO ESTEBAN CRUZ-CHAVARRIA; FABIO ELIAZAR CRUZ-ALVARADO, | No. 16-72986 |
| Petitioners, | Agency Nos. A206-835-690 A206-835-691 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 8, 2020**

Before: CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

Fabio Esteban Cruz-Chavarria and his son, natives and citizens of Honduras, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

The BIA did not err in finding that petitioners failed to establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Substantial evidence supports the agency's determination that petitioners otherwise failed to establish that they were or would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, petitioners' asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT relief because petitioners failed to show that it is more likely than not they would be tortured by or with the consent or acquiescence of the government if returned to Honduras. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We lack jurisdiction to consider the due process claim that petitioners raise in their opening brief because they did not exhaust it before the agency. *See Sola v. Holder*, 720 F.3d 1134, 1135-36 (9th Cir. 2013) (court lacks jurisdiction to review claims not presented to the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**